1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

10

11 JERRY J. HAWKINS,                                )      Civil No. 12cv1406 L (BGS)
                                                   )
12                        Plaintiff,               )      **ORDER GRANTING**
                                                   )      **DEFENDANTS' MOTION FOR**
13 v.                                              )      **SUMMARY JUDGMENT [doc. #24]**
                                                   )      **and DIRECTING ENTRY OF**
14 SIMPLEXGRINNELL L.P.,** *et al.,*                )      **JUDGMENT**
                                                   )
15                        Defendants.              )
                                                   )
16 _____             )

17        Plaintiff Jerry J. Hawkins filed this action in the Superior Court of the State of California,

18 in and for the County of San Diego. He alleges eight causes of action against defendants

19 SimplexGrinnell L.P. ("SG") and Tyco International (collectively "defendants") including

20 breach of contract; breach of the covenant of good faith and fair dealing; age discrimination;

21 perceived disability discrimination; retaliation; wrongful demotion in violation of public policy;

22 wrongful termination in violation of public policy; and intentional infliction of emotional

23 distress. Defendants removed this action on June 11, 2012. Currently pending is defendants'

24 motion for summary judgment or partial summary judgment. [doc. #24]. The motion has been

25 fully briefed and is decided without oral argument.

26 **A.    Background**

27        Bob Ciereck, Operations Manager at SG's San Diego location, hired Hawkins as a fire

28 alarm installer/technician, with the title "systems integration technician", in July 2006, when

plaintiff was 56 years old. A technician's tasks include the installation of wiring and related devices for the installation of commercial fire alarm systems. Plaintiff had foreman responsibilities on several projects during his employment. The responsibilities of a foreman included completing his own installation work and overseeing the installation work performed by journeymen and apprentices. But in July 2010, SG removed plaintiff's foreman responsibilities based on a series of safety violation involving plaintiff.

In March 2011, SG reduced its workforce because of the state of the economy, *i.e.,* defendants conducted a reduction in force ("RIF"). It chose to eliminate two of 19 technician positions and enacted an objective selection process based on a competency evaluation of the 19 technicians. The two lowest rated employees were laid off, including plaintiff, who was the lowest ranking employee.

Plaintiff asserts that his removal as a foreman in July 2010, and his layoff in March 2011 were illegally based on his age and his perceived disability, Hepatitis C. In addition, plaintiff contends he was discriminated against because he did not receive a company truck for his use as soon as he believed he should have and was retaliated against because of his complaints about the company truck.

**B.   Summary Judgment Standard**

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a

12cv1406

showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

/ / /

/ / /

12cv1406

**C.      Discussion**

      **1.       Breach of Contract**

      It is beyond dispute that SG has a policy of at-will employment. Although plaintiff acknowledges that he signed an employment application and the offer letter that indicated the position he was accepting was an at-will agreement for employment, and he understood by the term "at-will" that "either Company or I may terminate the employment relationship at any time, for any reason, with or without cause or prior notice" (Hawkins Depo. at 45), he nevertheless argues that his employment relationship with SG was modified by an implied-in-fact contract to discharge only for cause. (*Id.*),

      California law is quite clear: an express at-will agreement precludes the existence of an implied-in-fact contract. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317 (2000); *see also Halvorsen v. Aramark Unif. Servs., Inc.*, 77 Cal. Rptr.2d 383, 385 (Ct. App. 1998). An at-will provision in an employment application sufficiently creates an at-will employment relationship that cannot be overcome by parol evidence of implied limitations to the at-will relationship. *See Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1394 (9th Cir. 1985). Because "there cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results," allegations of an implied for-cause contract cannot rebut the employee's status as an at-will employee. *See Rochlis v. Walt Disney Co.*, 23 Cal.Rptr.2d 793, 798 (Ct. App. 1993).

      Here, plaintiff was aware of his at-will employment status in the employment application and acceptance of offer, both of which he signed. He cannot now introduce evidence of an altered relationship between the parties and indeed, there is no such evidence. As a result, defendant was entitled to terminate plaintiff's employment at any time, with or without cause. Accordingly, defendants are entitled to summary judgment on plaintiff's breach of contract claim.

      **2.       Breach of the Implied Covenant of Good Faith and Fair Dealing**

      A terminated employee who fails to establish anything but an at-will employment agreement is precluded from recovering for breach of the covenant of good faith and fair

12cv1406

1  dealing. *Guz*, 24 Cal.4th at 350-352 ("Because the implied covenant protects only the parties'
2  right to receive the benefit of their agreement, and in an at-will relationship there is no
3  agreement to terminate only for good cause, the implied covenant standing alone cannot be read
4  to impose such a duty.").

5       As discussed above, plaintiff was an at-will employee and cannot establish a breach of
6  contract claim. As a matter of law, plaintiff cannot recover for breach of the covenant of good
7  faith and fair dealing and defendant is entitled to summary judgment on this claim.

8       **3.    Discrimination Claims Under the FEHA**

9       Under the FEHA, it is illegal for an employer to discriminate against an employee "in
10  compensation or in terms, conditions, or privileges of employment" on the basis of race, color,
11  or national origin. CAL. GOV'T CODE § 12940(a). Courts apply the *McDonnell Douglas*
12  burden-shifting framework to FEHA claims. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,
13  802–04; *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir.2007) (applying Title VII
14  framework to FEHA claim). Under this framework, the plaintiff must first establish a *prima*
15  *facie* case of discrimination, the elements of which will vary according to the specific situation.
16  *Guz*, 24 Cal.4th at 355. In establishing a *prima facie* case, plaintiff is required to show: "(1) he
17  was a member of a protected class, (2) he was qualified for the position he sought or was
18  performing competently in the position he held, (3) he suffered an adverse employment action . .
19  . and (4) some other circumstance suggest[ing] discriminatory motive [*i.e.*, similarly situated
20  employees were treated more favorably]." *Id.* (citations omitted). In all cases, "a plaintiff must
21  offer evidence that give[s] rise to an inference of unlawful discrimination." *Nidds v. Schindler*
22  *Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996).

23       The requirement that plaintiff establish a *prima facie* case "is designed to eliminate at the
24  outset the most patently meritless claims, as where the plaintiff is not a member of the protected
25  class or was clearly unqualified, or where the job he sought was withdrawn and never filled."
26  *Guz*, 24 Cal. 4th at 379.  Establishing a *prima facie* case is "not onerous." *Texas Dept. of*
27  *Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981). Nevertheless, plaintiff must at least
28  show "'actions taken by the employer from which one can infer, if such actions remain

1    unexplained, that it is more likely than not that such actions were 'based on a [prohibited]

2    discriminatory criterion.'" *Guz*, 24 Cal.4th at 355 (citations omitted).

3          An "adverse employment action" is a "shorthand expression referring to the kind, nature,

4    or degree of adverse action against an employee that will support a cause of action under"

5    FEHA. *Yanowitz v. L'Oreal U.S.A.*, 36 Cal.4th 1028, 1049 (2005). Such an action must

6    "materially affect[ ] the terms, conditions, or privileges of employment," *id.* at 1051, or "[be]

7    reasonably likely to impair a reasonable employee's job performance or prospects for

8    advancement," *id.* at 1054–55.

9          If the plaintiff makes the required *prima facie* showing, "the burden shifts to the employer

10   to rebut the presumption [of discrimination] by producing admissible evidence, sufficient to

11   raise a genuine issue of fact and to justify a judgment for the employer that its action was taken

12   for a legitimate, nondiscriminatory reason." *Guz*, 24 Cal.4th at 355–56. If the employer

13   succeeds, the plaintiff "must then ... attack the employer's proffered reasons," with "'specific,

14   substantial evidence of pretext.'" *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994)

15   (quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983)). The employee must then

16   "'demonstrate either . . . that the defendant's showing [is] in fact insufficient or ... that there [is] a

17   triable issue of fact material to the defendant's showing.'" *Dep't of Fair Emp't & Hous. v. Lucent*

18   *Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (quoting *Hanson v. Lucky Stores, Inc.*, 74 Cal.

19   App.4th 215, 225 (1999)). The employee may do this by establishing pretext, "'by persuading

20   the court that a discriminatory reason more likely motivated the employer or indirectly by

21   showing that the employer's proffered explanation is unworthy of credence.'" *Id.* (quoting

22   *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)). "An employee ... [cannot]

23   simply show the employer's decision was wrong, mistaken, or unwise." *Id.*

24              a.    **Age Discrimination**

25         A plaintiff establishes a *prima facie* case of age discrimination under the FEHA by

26   presenting evidence that "the plaintiff (1) is over the age of 40; (2) suffered an adverse

27   employment action; (3) was performing satisfactorily at the time of the adverse action; and (4)

28   suffered the adverse action under circumstances that give rise to an inference of unlawful

12cv1406

1  discrimination, *i.e.*, evidence that the plaintiff was replaced by someone significantly younger

2  than the plaintiff. *Hersant v. Dept. of Social Services*, 57 Cal. App.4th 997, 1002–1003 (1997).

3  Plaintiff is over the age of 40. Hawkins asserts he suffered an adverse action when he did

4  not receive a company vehicle for his use as soon as he believed he was entitled. The use of a

5  company vehicle is not an adverse employment action sufficient to establish a *prima facie* case

6  of age discrimination. In order to state cause of action for discrimination under FEHA, plaintiff

7  must allege conduct amounting to "adverse employment action" by alleging facts that evidence

8  "both a substantial and detrimental effect" upon plaintiff's employment. *See Thomas v. Dep't of

9  Corrections*, 77 Cal. App.4th 507 (2000); *see also  Akers v. County of San Diego*, 95 Cal.

10  App.4th 1441, 1455 (2002)("to be actionable, the [employer's conduct] must result in a

11  substantial adverse change in the terms and conditions of the plaintiff's employment" and an

12  employer's conduct "constitutes actionable retaliation only if it had a substantial and material

13  adverse effect on the terms and conditions of the plaintiff's employment."). In *Schaffer v. GTE,

14  Inc.*, 40 Fed. Appx. 552, 555 (9th Cir. 2002), the Court noted that plaintiff "neither alleges facts

15  nor adduces evidence showing how this conduct" – providing her with a less desirable cubicle,

16  denying her Internet access; denying her access to a company vehicle – "had any material, let

17  alone a substantial and detrimental, effect upon her employment."  "A change that is merely

18  contrary to the employee's interests or not to the employee's liking is insufficient." *Akers*, 95 Cal.

19  App. 4th at 1455.

20  Plaintiff's belief that not receiving a company truck was an adverse action is incorrect in

21  that use of a vehicle is neither material, substantial or detrimental to his employment. Thus, the

22  only adverse actions plaintiff can rely upon are his demotion and termination in making a *prima

23  facie* case for age discrimination.

24  It is undisputed that after the RIF, neither plaintiff nor the 25-year-old technician, who

25  was also terminated, was replaced by any person of any age. Therefore, plaintiff has failed to

26  provide any circumstances that give rise to an inference of unlawful discrimination, *i.e.*,

27  evidence that the plaintiff was replaced by someone significantly younger than the plaintiff. *See

28  Hersant*, 57 Cal. App.4th at 1002–1003.

12cv1406

It is also undisputed that plaintiff never complained to anyone at SG about his demotion or termination as being motivated by or related to his age:

> Q.   Okay. Did you ever complain to anybody at the company that you were being discriminated against because of your age?
> A.   I didn't complain about that.

(Hawkins Depo. at 129.)

At his deposition, plaintiff stated that he had never heard any comments about his age or that his demotion or termination were related to his age. Indeed, plaintiff acknowledges in his deposition that he is speculating about the reasons for his termination:

> A.   And I really strongly questioned why they were choosing me when I was – when I felt like I was in the top tier of this group of 19 technicians.
> Q.   And you testified earlier, though, Mr. Hawkins, that you didn't have any information about the selection process; correct.
> A.   Right.
> . . .
> Q.   Okay. So essentially, this was just your gut that it was unfair?
> A.   Yes.
> . . .
> A.   Well, more than my gut.
>      I was one of the top technicians in that group of 19, and it didn't make – it was more than a gut feeling.
> . . .
> A.   Wee, my criteria is my time compared with other technicians' time with the company, and my qualifications compared with the other technicians' qualifications with the company.
> Q.   Okay. But you don't have any information about the qualifications and the company's assessment of how that made that decision to lay you off?
> A.   I don't know what they did. I have no idea how they did that, no.

(Hawkins Depo. at 127-28.)

Plaintiff attempts to disavow his deposition testimony with his current declaration. A party cannot create a triable issue of fact sufficient to defeat summary judgment by contradicting his own previous sworn testimony. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Because a party cannot create an issue of fact by an affidavit or declaration contradicting his prior deposition testimony, plaintiff cannot now dispute his testimony to create an issue of fact. *See Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991)(explaining that the purpose of a motion for summary judgment as a procedure for screening out sham issues of fact would be defeated by allowing a plaintiff who had been thoroughly deposed to later sign a declaration contrary to his/her prior testimony). Further, plaintiff's conclusory, unsupported

12cv1406

1   assertions to the contrary are not sufficient to create a genuine issue of fact for trial. *See*

2   *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979)(conclusory testimony

3   in an affidavit is insufficient to defeat summary judgment).

4       Additionally, in his March 29, 2011 email to Beth Shroyer at SG, plaintiff makes no

5   comment about age with respect to either his demotion or termination. Plaintiff states clearly:

6           There was [sic] currently about 20 installers working in this dept. several of them
        had less time with the company, less knowledge of Simplex systems, fewer

7           certification than I have. Any of a number of them should have been chosen before
        me. There is no way I should have been among the first to go.

8   (Dft's Exh A at 93. [doc. #24-4])

9       Based on plaintiff's own testimony, Hawkins has failed to establish any basis for showing

10  a discriminatory motive based on his age and therefore, has not made even the minimal showing

11  necessary for establishing a *prima facie* case of age discrimination. Defendants are entitled to

12  summary judgment on the age discrimination claim.

13            **b.    Perceived Disability under FEHA**

14      To establish a *prima facie* case of disability discrimination under FEHA, plaintiff must

15  show that he "(1) suffered from a disability, or was regarded as suffering from a disability; (2)

16  could perform the essential duties of the job with or without reasonable accommodations[;] and

17  (3) was subjected to an adverse employment action because of the disability or perceived

18  disability." *Wills v.Super. Ct.*, 195 Cal. App.4th 143, 159–60 (2011) (quoting *Sandell v.*

19  *Taylor–Listug, Inc.*, 188 Cal. App.4th 297, 310 (2010)).

20      There is no dispute that plaintiff disclosed to defendants that he had been diagnosed with

21  Hepatitis C in July 2010, but plaintiff admits that he experienced no obvious symptoms and did

22  not request accommodation for hepatitis C. (Plf's Exh 14) Plaintiff acknowledges that he was

23  demoted prior to his disclosure to defendants: "I was – they – their decision to demote me

24  obviously preceded their knowledge of my hepatitis". (Plf's Depo at 112) Therefore, with

25  respect to plaintiff's need to make a *prima facie* showing, the only adverse action plaintiff

26  suffered was his subsequent termination and not his demotion.

27      Defendants argue that plaintiff has not made a *prima facie* showing of perceived

28  disability discrimination. Specifically, defendants contend there is no evidence that they had any

1  reason to believe plaintiff was limited in a major life activity. In other words, even after plaintiff

2  advised defendants that he had hepatitis C, defendants did not perceive Hawkins as being

3  disabled. Although plaintiff was initially asked to provide a medical statement about his health

4  condition, it is undisputed that plaintiff never complied with that request and defendants did not

5  make his continuing employment conditioned upon receipt of a medical statement. Additionally,

6  plaintiff continued to work as a technician for SG for approximately nine months after his

7  condition was disclosed and sought no accommodation for his condition.

8      Plaintiff has failed to establish the third element of his *prima facie* case—that he "was

9  subjected to an adverse employment action because of the disability or perceived disability."

10  *Wills*, 195 Cal. App.4th at 159–60. Hawkins fails to provide any evidence that the decision to

11  terminate his employment was based on his disability or his record or history of a disability, or

12  that defendants were concerned plaintiff would suffer from a disability in the future. Indeed,

13  plaintiff concedes that defendants who decided to terminate his employment never said anything

14  that would lead him to believe they were "discriminating" against him because of hepatitis C.

15      Although the Court finds that plaintiff has not made the minimal showing necessary for

16  establishing a *prima facie* case of disability discrimination, the Court will continue with the

17  analysis under *McDonnell Douglas* test, *i.e.*, if the plaintiff establishes his *prima facie* case, a

18  rebuttable presumption of discrimination arises and the burden shifts to the employer to rebut the

19  presumption with evidence that its action was taken for a legitimate, nondiscriminatory reason.

20  *Guz*, 24 Cal. 4th at 355-56.

21      **c.    Rebuttal of a *prima facie* Case of Disability Discrimination**

22      In the present case, defendants contend that they had legitimate, non-discriminatory

23  reasons for selecting plaintiff for termination.

24      First, a RIF that is implemented due to economic conditions is a legitimate

25  nondiscriminatory business decision. *See Martin v. Lockheed Missiles & SG Co.*, 29 Cal.

26  App.4th 1718, 1731-32 (1994). Defendants have provided evidence that the SG RIF was a

27  business decision that occurred because of depressed economic conditions. (Dfts' Exh. A,

28  Ciereck Decl. at 4.) Plaintiff has provided no evidence to the contrary. His belief that the RIF

1  was a sham event to target his termination is nothing more than a conclusory, unsupported

2  assertion which is insufficient to create a genuine issue of fact for trial

3       Second, the parties agree that plaintiff was counseled with respect to various safety

4  violations. Although plaintiff believes that the two driver alerts he received, the incident in

5  which a ladder fell off a company vehicle due to it being improperly secured, and the improper

6  unloading of a wire care resulting in damage to the cart were of minimal importance, he

7  acknowledges that safety is a legitimate concern for defendants. Although these issues arose

8  prior to his demotion and therefore prior to his termination, they are legitimate

9  nondiscriminatory reasons that could be taken into account in terminating plaintiff's

10  employment.

11       Third, with respect to the RIF, defendants present evidence that two technicians would be

12  terminated during the RIF, *i.e.,* the number of technicians would be reduced from 19 to 17, and

13  the decision concerning the two technicians who would be terminated would be made by using a

14  competency-based evaluation process. (Ciereck Decl. at 4.) The evaluation was intended to

15  compare employees in the same job and same department. Five areas of competency were

16  reviewed:

> (1) Quality of Work – Neatness, accuracy, reliability, consistency and thoroughness of work;
> (2) Safety – Consider employee's knowledge and adherence to safety policies/programs;
> (3) Productivity – Volume of work produced within reasonable expectations'
> (4) Attendance/Punctuality – Regular & punctual attendance, compliance with work schedule & proper call-out procedures;
> (5) Initiative/Excellence – Employee's ability to think creatively with minimal guidance, performs work without being told, self-starter.

22  (Dfts' Exh. D. [doc. #24-8]) The first two areas were weighted at 25%; the third area was

23  weighted 20%; the fourth and fifth areas were weighted 15%. (Ciereck Decl. at 5.) At the

24  conclusion of the evaluation process for the 19 technicians, plaintiff had a total weighted

25  average of 1.70, which placed him last in the competency rating. (*Id.*)

26       Although plaintiff strongly disagrees with the rating he received, he has not provided any

27  evidence that the evaluation was based in any manner on a discriminatory intent, particularly

28  with respect to disability discrimination, or that the evaluation was anything other than a

1   legitimate, non-discriminatory basis for selecting plaintiff for termination. Accordingly,

2   defendants have produced substantial evidence of a legitimate, nondiscriminatory reason for the

3   adverse employment action, and the burden now shifts to the plaintiff to prove pretext.

4               **d.     Pretext**

5        "[T]he plaintiff may establish pretext 'either directly by persuading the court that a

6   discriminatory reason more likely motivated the employer or indirectly by showing that the

7   employer's proffered explanation is unworthy of credence.'" *Villiarimo v. Aloha Island Air, Inc.*,

8   281 F.3d 1054, 1062 (9th Cir.2002) (quoting *Burdine*, 450 U.S. at 256). Circumstantial evidence

9   of pretense must be "specific and substantial" in order to create a triable issue with respect to

10  whether the employer intended to discriminate on an improper basis. *Id.; see also Noyes*, 488

11  F.3d at 1169–70.

12       Here, plaintiff states a material factual dispute exists as to whether defendants' reasons

13  for its adverse employment actions against plaintiff were pretextual but provides no evidence

14  whatsoever to suggest that the RIF was not financially required or that the method of evaluating

15  the technicians was subjectively motivated or designed. His unsupported belief that he was

16  targeted for termination is not evidence and his feelings cannot raise a material issue of fact

17  sufficient to avoid summary judgment. *See King v. United Parcel Service, Inc.*, 152 Cal.

18  App. 4th 426, 433 (2007) (self-serving and uncorroborated testimony cannot create a

19  genuine issue of material fact).

20       A court may grant summary judgment for an employer "where, given the strength of the

21  employer's showing of innocent reasons, any countervailing circumstantial evidence of

22  discriminatory motive, even if it may technically constitute a *prima facie* case, is too weak to

23  raise a rational inference that discrimination occurred." *Guz*, 24 Cal. 4th at 362.

24       Based on the evidentiary material presented, the Court finds and concludes that

25  defendants have produced substantial evidence of a legitimate, nondiscriminatory reason for the

26  adverse employment action of termination of plaintiff's employment and plaintiff has failed to

27  offer specific and substantial evidence that a discriminatory reason more likely motivated the

28  defendants or indirectly by showing that the employer's proffered explanation is unworthy of

12cv1406

1   credence. Accordingly, defendants are entitled to summary judgment on plaintiff's disability

2   discrimination claim.

3       **4.     Retaliation under FEHA**

4       The FEHA "makes it an unlawful employment practice '[f]or any employer ... to

5   discharge, expel, or otherwise discriminate against any person because the person has opposed

6   any practices forbidden under this part or because the person has filed a complaint, testified, or

7   assisted in any proceeding under this part.'"   *Rope v. Auto-Chlor System of Washington, Inc.,*

8   220 Cal. App.4th 635, 651 (2013) (citing *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042

9   (2005).  "To state a claim of retaliation under FEHA, a plaintiff must show: (1) he engaged in a

10  protected activity, (2) he was subjected to an adverse employment action, and (3) there is a

11  causal link between the protected activity and the adverse employment action. *Rope*, 220 Cal.

12  App.4th at 651, (quoting *Yanowitz*, 36 Cal.4th at 1042)).

13      Government Code §12940(h) "encompasses a broad range of protected activity." *Id.* "The

14  protected activity element may be established by evidence that the plaintiff threatened to file a

15  discrimination charge, by a showing that the plaintiff mistakenly, but reasonably and sincerely

16  believed he was opposing discrimination or by evidence an employer believed the plaintiff was a

17  potential witness in another employee's DFEH action." *Id.* [citations omitted.] "The

18  determination as to what constitutes a protected activity is inherently fact-driven." *Id.*

19      Defendants contend that plaintiff cannot establish a *prima facie* case of retaliation

20  because plaintiff did not engage in an protected activity. Further, "to constitute retaliation, there

21  must also be evidence the employer knew the employee was engaged in activities in opposition

22  to the employer at the time of the alleged retaliation." *Id.* at 653, citing *Yanowitz*, 36 Cal.4th at

23  1046 (employee's unarticulated belief that an employer is engaging in discrimination is

24  insufficient to establish protected conduct if there is no evidence employer knew employee's

25  opposition was based upon a reasonable belief that employer was engaging in discrimination.).

26      Plaintiff's own testimony demonstrates that he did not believe that age or perceived

27  disability discrimination were motivating defendants to terminate his employment. And plaintiff

28  never complained to anyone at SG about age or disability discrimination while employed at SG

1    or after his termination. He never filed a grievance or a discrimination charge with the DFEH

2    about age or perceived disability discrimination. As discussed above, the alleged failure of

3    defendants to give plaintiff a company truck at the time believed it was due is not an adverse

4    action and his complaints to defendants about the truck situation cannot be a protected activity

5    sufficient to support a retaliation claim.

6         Here, plaintiff did not engage in any protected activity and therefore, he has not made a

7    prima facie showing of retaliation. Defendants are entitled to summary judgment on this claim.

8         **5.    Wrongful Demotion and Termination in Violation of Public Policy**

9         In *Tameny v. Atlantic Richfield Co.,* 27 Cal. 3d 167, 172 (1980), the Court held that "an

10   employer's traditional broad authority to discharge an at-will employee may be limited ... by

11   considerations of public policy." Thus, under California law, an at-will employee may maintain a

12   tort cause of action against his employer where the employer's discharge of the employee

13   contravenes fundamental public policy. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 666

14   (1988). Such claims must be based on a policy established by a constitutional or statutory

15   provision. *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1095 (1992).

16        In this case, plaintiff points to FEHA as the source of California's non-discrimination

17   policy. As discussed above, plaintiff's FEHA claims are based on allegations that defendants'

18   discriminatory conduct towards him on the basis of age and perceived disability race directly

19   violated his rights under this clause.

20        Plaintiff cannot support his claims for wrongful demotion and termination in violation of

21   public policy for the same reasons that he cannot support any of his FEHA claims: he has not

22   provided evidence that defendants' conduct was motivated by his age or perceived disability. The

23   evidence does not support an inference that defendants' decision to terminate plaintiff was

24   motivated by anything other than his own failure to perform his job duties adequately.

25   Defendants are therefore entitled to summary judgment on plaintiff's  wrongful demotion and

26   termination in violation of public policy.

27        **6.    Intentional Infliction of Emotional Distress**

28        IIED cause of action requires a showing of extreme and outrageous behavior beyond all

12cv1406

1    bounds of decency. *Agarwal v. Johnson,* 25 Cal.3d 932, 946 (1979), disapproved on another

2    point in *White v. Ultramar, Inc.,* 21 Cal.4th 563, 574, fn. 4 (1999). The conduct must have been

3    committed with the intention of causing, or reckless disregard of the probability of causing,

4    emotional distress, and the plaintiff must have suffered severe emotional distress. *Agarwal,* 25

5    Cal.3d at 946.) Under California law, discriminatory behavior can be sufficiently outrageous to

6    give rise to an emotional distress claim. *See Murillo v. Rite Stuff Foods, Inc.*, 65 Cal.App.4th

7    833, 848, 77 Cal.Rptr.2d 12 (1998); *see also  Rojo v. Kliger,* 52 Cal.3d 65, 81

8    (1990)("employer's discriminatory actions may [also] constitute ... outrageous conduct under a

9    theory of intentional infliction of emotional distress"

10          When a plaintiff bases an IIED claim on allegations of discrimination and retaliation, the

11   plaintiff's failure to provide evidence supporting those underlying allegations will typically

12   foreclose his IIED claim. *See Lee v. Eden Med. Ctr.*, 690 F. Supp.2d 1011, 1022 (N.D. Cal.

13   2010) (awarding summary judgment to the defendant on plaintiff's IIED claims because the

14   plaintiff failed to provide sufficient evidence to support FEHA claims of harassment,

15   discrimination, and retaliation arising from the same non-outrageous conduct). Further, in

16   response to defendants' motion, plaintiff has provided no evidence of defendants' "outrageous

17   conduct beyond the bounds of human decency. See  *Janken v. GM Hughes Electronics,* 46 Cal.

18   App.4th 55, 80 (1996). Accordingly, summary judgment on this claim will be granted in favor of

19   defendants.

**D.     Conclusion**

21          For the reasons set forth above, **IT IS ORDERED** that defendants' motion for summary

22   judgment is **GRANTED** in its entirety. **IT IS FURTHER ORDERED** that the Clerk of the

23   Court enter judgment in defendants' favor and against plaintiff.

24          **IT IS SO ORDERED.**

25   DATED:  February 25, 2014

26                                              _____

27                                              M. James Lorenz
                                                United States District Court Judge

28   / / /

1 | COPY TO:

2 | HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

3 |

4 | ALL PARTIES/COUNSEL

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

12cv1406