# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY J. HAWKINS,<br><br>                        Plaintiff,<br><br>v.<br><br>SIMPLEXGRINNEL, L.P.; and TYCO INTERNATIONAL, INC.,<br><br>                        Defendants. | Case No.: 12cv1406-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE RE-LITIGATION OF PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AND ANY EVIDENCE IN SUPPORT THEREOF**<br><br>[Doc. No. 126] |

     Before the Court is Defendants' motion to preclude re-litigation of Plaintiff's claim for punitive damages and any evidence in support thereof based on the law of the case doctrine. Doc. No. 126 ("Mtn"). Plaintiff opposes the motion [Doc. No. 127 ("Oppo.")] and Defendants reply [Doc. No. 128 ("Reply")]. The Court, in its discretion, decides the matter on the papers submitted and without oral argument, pursuant to Civil Local Rule 7.1.d.1. Accordingly, the motion hearing date currently set for **December 18, 2017** is hereby **VACATED**. For the reasons discussed herein, the Court **GRANTS** Defendants' motion.

//

//

## RELEVANT BACKGROUND

On March 14, 2017, a three day jury trial commenced in this action. The trial was bifurcated into a liability phase and a punitive damages phase. On March 16, 2017, Plaintiff rested his case-in-chief. Doc. No. 118 at 60. Defendants then moved for judgment as a matter of law on Plaintiff's claims for age discrimination and wrongful termination in violation of public policy, or in the alternative, for punitive damages. *Id.* at 61. The Court denied judgment as a matter of law with respect to Plaintiff's claims for age discrimination and wrongful termination in violation of public policy. *Id.* at 61-62.

However, the Court granted judgment as a matter of law with respect to Plaintiff's punitive damages, stating "I don't think any reasonable jury could make the requisite predicate findings of malice, oppression, or fraud based upon the evidence presented here." *Id.* at 62. The Court further stated that "[i]t just doesn't seem to me based on this record – you know what's required; clear and convincing evidence. It's some pretty heavy, bad stuff, and I just don't see it." *Id.* at 67. The Court disagreed with Plaintiff's argument that Mr. Ciereck had discretion as a managing agent for the corporation to make corporate policy and used that discretion inappropriately and with discriminatory intent, or malice, to discriminate against Plaintiff. *Id.* at 67-68. Accordingly, the Court granted Defendants' motion for judgment as a matter of law with respect to Plaintiff's punitive damages claim. *Id.* at 70.

Following the Court's ruling, Defendants elected not to put on additional evidence and rested. *Id.* at 77. The jury was unable to reach a unanimous decision regarding Plaintiff's age discrimination claim and the Court declared a mistrial. *Id.* at 122. The case is currently set for re-trial on January 23, 2018. Doc. No. 125. The parties now dispute whether the Court should permit Plaintiff to seek punitive damages in the new trial. *See* Doc. Nos. 126, 127.

## DISCUSSION

Defendants argue that the law of the case doctrine bars Plaintiff from re-litigating punitive damages. Mtn at 4. Plaintiff contends that the Court may revise an interlocutory

order, such as the Court's judgment as a matter of law finding, at any time and that the law of the case doctrine is inapplicable. Oppo. at 2-3.

Prior to 2001, several Ninth Circuit cases applied the law of the case doctrine to district court decisions. In *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703 (9th Cir. 1990), a district court granted summary judgment and awarded attorneys' fees in defendant's favor. *Id.* at 706. Potentially implicit in the order granting summary judgment and award of attorneys' fees was a determination that the underlying contract mandated an award of attorneys' fees for the prevailing party. *See id.* The Ninth Circuit reversed and remanded for trial. *Id.* After a bench trial before a new district judge, the district court found for plaintiff, but denied a motion for attorneys' fees. *Id.* The Ninth Circuit in *Milgard* asked whether the law of the case doctrine prevented the second district judge from revisiting the issue of contract interpretation. *Id.* at 715. The Ninth Circuit noted that a court's reconsideration of an issue previously decided should be reviewed for abuse of discretion and concluded that the law of the case doctrine applied. *Id.* However, the Ninth Circuit found that the first court's interpretation was dicta, which was not entitled to preclusive effect. *Id.* at 716.

In *United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997), a case Defendants rely heavily upon, the judge granted a motion to suppress a confession prior to a criminal trial. *Id.* at 875. The government did not perfect an appeal of the decision and the case was transferred to a different judge for trial. *Id.* The government then filed a motion to reconsider the suppression ruling, which the trial judge denied based on the law of the case doctrine. *Id.* at 875-76. At trial, testimony called into question the veracity of certain declarations submitted in support of the motion to suppress. *Id.* at 876. The government filed yet another motion to reconsider and the trial judge again denied the motion, finding that the inconsistencies were not sufficiently significant to warrant reconsideration. *Id.* The jury was ultimately unable to reach a verdict on any count and the court declared a mistrial. *Id.* The trial judge then held an evidentiary hearing regarding suppression and ultimately reconsidered the first judge's order and allowed

admission of the confessions at a subsequent trial. *Id.* The Ninth Circuit reversed, holding that the mistrial did not constitute a changed circumstances triggering an exception to the law of the case doctrine. *Id.* at 876-77. The Ninth Circuit also found that the order did not constitute "clear error" causing "manifest injustice." *Id.* at 877-78.

In *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443 (9th Cir. 2000), the Ninth Circuit reviewed a multi-decade case regarding fishing rights that had been transferred between many district judges. *Id.* at 445-48. Many issues were litigated in "subproceedings" or mini-trials. *Id.* at 446. Some of the mini-trials were conducted by a visiting judge who granted summary judgment in one mini-trial in 1990. *Id.* at 446. Even though "no apparent issues remained pending, a final judgment was not entered." *Id.* at 446-47. Eight years later, a different judge handling the case, determined she did not have the authority to disturb the visiting judge's decisions. *Id.* at 447. The Ninth Circuit concluded the judge properly determined she was bound by the law of the case and could not disturb the visiting judge's prior orders. *Id.* at 452-53.

In 2001, the Ninth Circuit decided *City of Los Angeles, Harbor Division v. Santa Monica BayKeeper*, 254 F.3d 882 (9th Cir. 2001), a case relied heavily upon by Plaintiff, which held that "the law of the case doctrine is wholly inapposite [to district court decisions]. The doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order." *Id.* at 888. The Ninth Circuit panel concluded that "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Id.* at 889 (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981); Fed. R. Civ. P. 54(b) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.")).

In 2004, the Ninth Circuit reached the same conclusion in *United States v. Smith*, 389 F.3d 944 (9th Cir. 2004). There, the district court granted a motion to suppress evidence obtained during a search of a defendant's car. *Id.* at 947. The government moved for reconsideration, contending that no party had briefed whether a search incident to arrest could constitutionally precede the arrest. *Id.* The district court granted the government's motion. *Id.* The Ninth Circuit concluded that the law of the case doctrine did not restrict a district court's power to reconsider its own order so long as it has not been divested of jurisdiction over that order. *Id.* at 949. The Ninth Circuit distinguished from *Alexander*, explaining that in *Alexander* the district court granted reconsideration only after the jury was unable to reach a verdict. *Id.* at 950 (citing *Alexander*, 106 F.3d at 875).

As it currently stands, Ninth Circuit "case law leaves some doubt concerning whether the law of the case doctrine constrains a district court's discretion to reconsider its own rulings prior to final judgment." *Mark H. v. Lemahieu*, 513 F.3d 922, 932 n.8 (9th Cir. 2008). However, district courts in the Ninth Circuit have liberally applied *Santa Monica Baykeeper* and *Smith* in holding that a district court has authority to review any order prior to final judgment or appeal of the issue to be reviewed. *See e.g.*, *USACM Liquidating Trust v. Monaco*, No. 2:09-cv-01947-RCJ-PAL, 2010 WL 1849291, at *4 (D. Nev. May 6, 2010) ("[A] district court has inherent power to reconsider its interlocutory orders if it finds just cause to do so, so long as it retains jurisdiction in the matter."); *J2 Global Communications, Inc. v. Protus IP Solutions*, No. CV 06-00566 DDP (AJWx), 2010 WL 1609965, at *3 (C.D. Cal. Apr. 20, 2010) ("The Court may reconsider, sua sponte, its own order denying Protus' motion for partial summary judgment and concludes that it may be appropriate to do so here."); *Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 WL 1075059, at *3 (D. Ariz. Mar. 22, 2017) ("A district court is not bound by law of the case doctrine with respect to an interlocutory order . . . ."); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010) ("the law of the

case doctrine is discretionary, and 'is in no way a limit on a court's power to revisit, revise, or rescind an interlocutory order prior to entry of final judgment in the case.'") (citation omitted). Thus, the Court has the discretion to permit Plaintiff to seek punitive damages at the new trial despite its prior judgment as a matter of law ruling.

Even so, public policy dictates that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Here, Plaintiff has not convinced the Court that he should be permitted to seek punitive damages in the upcoming trial after the Court found as a matter of law that there was insufficient evidence of punitive damages. Plaintiff urges the Court to not assume "that the evidence will be identical," and claims that "[i]t is actually possible that the guilty conscience of one of the defendants' former employees' will prevail, and the truth will come out. It is possible that Plaintiff's counsel will be able to marshal better evidence and/or be more effective at drawing out the truth from the same witnesses." Oppo. at 2. Thus, Plaintiff appears to argue that the same witnesses will testify differently to the extent that there will be sufficient evidence in the new trial supporting the assertion that Mr. Ciereck is a managing agent who acted with malice, oppression, or fraud in making any decision with respect to Plaintiff. However, this is not new or additional evidence that was not previously available. *See Pyramid Lake Paiute Tribe of Indians*, 882 F.2d at 369 n.5 (stating that a court can reconsider an interlocutory ruling where there is additional evidence that was not previously available); Oppo. at 2 ("[i]t is *possible* that Plaintiff's counsel will be able to marshal better evidence and/or be more effective at drawing out the truth from the *same* witnesses") (emphasis added). The Court understands that testimony elicited from the same witnesses as the first trial will not be identical in the second trial. However, Plaintiff offers only the possibility and speculation that a witness' guilty conscience or Plaintiff's counsel's "marshal[ing]" will provide the new or different evidence required to let the issue of punitive damages reach

the jury. The Court is not persuaded that the testimony will be substantially different, such that punitive damages would be permitted to go to the jury.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff's argument insufficient, and **GRANTS** Defendants' motion to preclude re-litigation of Plaintiff's claim for punitive damages. *S.M. v. J.K.*, 262 F.3d 914, at 917 (9th Cir. 2001) (indicating that the district court denied the plaintiff's motion for reconsideration and upheld its judgment as a matter of law ruling with respect to punitive damages and did not permit Plaintiff to seek punitive damages in a subsequent trial). Plaintiff expresses concern that Defendants' motion also seeks preclusion of any evidence supporting punitive damages, even if that evidence supports Plaintiff's underlying claim. The Court's ruling is not so broad. The Court only finds that Plaintiff cannot seek punitive damages. The Court does not preclude evidence relevant to Plaintiff's underlying claim.

**IT IS SO ORDERED**.

Dated: December 12, 2017

Hon. Michael M. Anello
United States District Judge